IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBERT ATTEBERY AND STEVEN PROE,

    Plaintiffs,

  v.

PLACER COUNTY; CITY OF ROSEVILLE; SUPERIOR COURT OF CALIFORNIA; and DOES 1-10, Inclusive,

    Defendants.
_____/

No. 2:08-cv-01778 JAM JFM

<u>ORDER GRANTING MOTION TO DISMISS</u>

Robert Attebery and Steven Proe (collectively, "Plaintiffs"), brought this action against Placer County, City of Roseville, and the Superior Court of California ("Superior Court") for violations the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq., violations of the Rehabilitation Act, 29 U.S.C. § 701, et seq., and various state law violations. The Superior Court filed a Motion to Dismiss the Complaint under Rule 12(b)(6). Plaintiffs opposed the

Motion. For the reasons stated below, the Superior Court's Motion to Dismiss is GRANTED.[1]

BACKGROUND

Plaintiffs are disabled individuals who require the assistance of a cane, walker, wheelchair or other device. Compl. ¶ 12. Upon visiting the Superior Court of California, Placer County, located at 300 Taylor Avenue in Roseville, California ("Courthouse"), Plaintiffs encountered problems with travel to, through, and within the building. Id. ¶¶ 13, 18. Specifically, Plaintiffs allege that there was a lack of accessible parking spaces, lack of an accessible path of travel to the courthouse, and deficient entrances, service counters, courtrooms, and public restrooms.

OPINION

Rule 12(b)(6) allows a court to dismiss a complaint for failure to state a claim upon which relief can be granted. To bring a claim for money or damages against a public entity in California, a party must make a claim to the responsible entity as required by the California Tort Claims Act ("CTCA"), Cal. Govt. Code § 810 et seq. "Compliance with the CTCA's filing

---

[1] Because oral argument will not be of material assistance, the court orders this matter submitted on the briefs. E.D. Cal. L.R. 78-230(h).

2

requirements is mandatory." Hernandez v. McClanahan, 996 F.Supp. 975, 978 (N.D. Cal. 1998).

Plaintiffs admit that they did not present a claim to the Superior Court. A claim against a superior court must be presented by "[d]elivering or mailing it to the court executive officer." Cal. Gov. Code § 915(c)(1). Instead, Plaintiffs presented their claim to the Office of Judicial Counsel of California, Administrative Office of the Courts.

Plaintiffs argue that although they did not present their claim to the proper party, they substantially complied with the CTCA. However, the doctrine of substantial compliance does not apply when the claim is addressed to the wrong entity. Jackson v. Board of Education, 250 Cal.App.2d 856, 860 (1967). Plaintiffs cite Jamison v. State of California, 31 Cal.App.3d 513 (1973) to argue that they substantially complied with the CTCA because the Office of Judicial Counsel of California had a duty to forward on the claim. However, the Jamison decision has been specifically overruled because California courts found it to be at odds with Cal. Gov. Code § 915(c). Del Real v. City of Riverside, 95 Cal.App.4th 761, 770 (2002); see also Life v. County of L.A., 227 Cal.App.3d 894, 900-901 (1991).[2] Because

---

[2] Similarly, Plaintiffs' reliance on Elias v. San Bernardino County Flood Control Dist., 68 Cal.App.3d 70 (1977) fails because it relies on the reasoning in Jamison.

Plaintiffs presented their claim to the wrong entity, they did not substantially comply with the CTCA.

Plaintiffs further argue that even if they failed to comply with the CTCA, they were not required to present a claim because they primarily seek injunctive relief. In support of this proposition, Plaintiffs cite Independent Hous. Servs. v. Fillmore Ctr. Assocs., 840 F.Supp. 1328, 1357 (N.D. Cal. 1993), which held that a party did not need to present a claim under the CTCA when plaintiffs' "request for an injunction declaring that the [defendant] is in violation of the handicap access laws and must comply with them in the future is of great weight and not just ancillary to the request for damages." However, this case is distinguishable from the present matter. In Independent Hous. Servs., organizational plaintiffs sought a determination that a building project did not comply with handicap access laws. The organizational plaintiffs' primarily sought declaratory and future relief to bring the building project into compliance for the benefit of a wide class of disabled persons. However, in the instant matter, individual Plaintiffs primarily seek redress for a lack of accessible facilities they encountered based on past visits to the Superior Court. See Gatto v. County of Sonoma, 98 Cal. App. 4th 744, 762 (2002) (distinguishing Independent Hous. Servs. from cases where an individual sued on his own behalf). The Court finds that

4

Plaintiffs claim for damages is not merely incidental to its claim for injunctive relief.  Therefore, Plaintiffs were required to present a claim to the Superior Court under the CTCA.  Accordingly, because they failed to do so, the Superior Court's Motion to Dismiss is granted with respect to Plaintiffs' claims for damages.

Plaintiffs also seek injunctive relief under the ADA and the Rehabilitation Act.  However, the Courthouse which is the subject of Plaintiffs' Complaint is no longer in use by the Superior Court.  <u>See</u> Durfee Decl. ¶ 4.  "[A] claim for injunctive relief is moot if 'it is absolutely clear that the allegedly wrongful behavior could not reasonably be expected to occur.'" <u>Pickern v. Best Western Timber Cove Lodge Marina Resort</u>, 194 F.Supp.2d 1128, 1130 (E.D. Cal. 2002) (quoting <u>Friends of the Earth, Inc. v. Laidlaw Enviornmental Services</u>, 528 U.S. 167, 190 (2000)).  Because all of the accessibility issues described in the Complaint are tied to the specific Courthouse location and are not general practices of the Superior Court, they are moot.  Plaintiff alleges that the sidewalks and parking lot around the closed building are still in use, permitting them to seek injunctive relief.  However, Plaintiffs have failed to allege that the Superior Court has any control over any structure outside the Courthouse.  Accordingly,

Plaintiffs claims against the Superior Court for injunctive relief are dismissed.

Furthermore, because Plaintiffs can allege neither that they presented a claim to the correct party under the CTCA nor that the Courthouse is still in use, granting leave to amend would be futile. Accordingly, Plaintiffs' Complaint is dismissed with prejudice with regards to the Superior Court.

ORDER

For the reasons stated above, Defendant Superior Court's Motion to Dismiss is GRANTED with prejudice.

IT IS SO ORDERED.

Dated: March 11, 2009

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE